UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lee Cradle, Jr., #64278, | ) C/A No. 2:10-1962-DCN-RSC |
| Plaintiff, | ) |
| vs. | ) |
| Trinity Food Service; Mrs. Miley, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, David Lee Cradle, Jr. (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Lexington County Detention Center (LCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a food service company and an LCDC employee as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua

sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

While eating breakfast on July 10, 2010, Plaintiff alleges that he found a bug in his shredded potatoes. *See* Complaint, page 3. Plaintiff states that he immediately notified an officer, "who asked if I wanted another tray but I refused." *Id.* Plaintiff wrote a grievance concerning the matter to "the person in charge of the kitchen, Mrs. Miley." *Id.* However, as Plaintiff has not received a response to his grievance he "believes that they're trying to cover this last incident up." *Id.* at 4. Plaintiff seeks monetary damages for "mental anguish and suffering." *Id.* at page 5.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff provides no factual allegations against the Defendant identified as Trinity Food Service. In fact, Plaintiff does not even mention Defendant Trinity Food Service in the body of the complaint. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). The complaint's assertions, without any personal allegations against Defendant Trinity Food Service, are insufficient to state a claim against this Defendant under § 1983. Further, to the extent Trinity Food Service is a private company, it is not amenable to suit under § 1983, absent some factual basis to establish state action, which the instant complaint lacks. Therefore, Defendant Trinity Food Service is entitled to summary dismissal from this case.

Next, Plaintiff names Defendant Mrs. Miley, supervisor of the LCDC kitchen. Liberally construed, Plaintiff may be alleging that

his discovery of an insect in his food constitutes a claim of deliberate indifference to Plaintiff's health or safety.[3] Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *See also Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994). Based on these precedents, the issue is whether an inmate, who has suffered injury[4], has alleged that the prison official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. The instant complaint states that Defendant Miley opined "that the bug must of

---

[3] The Plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because the Plaintiff is a detainee confined at the Lexington County Detention Center. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.")

[4] It is noted that the instant complaint provides no indication that any physical injury resulted from Plaintiff's discovery of a bug in his breakfast.

came from the potatoes. (She must of known the whole time)." *See* Complaint, page 3. However, other than this one speculative statement, Plaintiff provides no facts to demonstrate that Defendant Miley knew of any serious risk of harm to Plaintiff's health or safety, or that she was deliberately indifferent to any such risk.

Further, Plaintiff clearly indicates he was offered a substitute meal tray, which he refused. As such, Plaintiff's allegations are insufficient to demonstrate deliberate indifference or a deprivation of a basic human need by Defendant Miley. *See Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)(stating elements for an Eighth Amendment violation are (1) a serious deprivation of a basic human need and (2) deliberate indifference to prison conditions by a prison official). Plaintiff's complaint, of finding a single bug in one meal simply does not rise to the level of deliberate indifference. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(holding that deliberate indifference is not shown by pointing to a single, isolated incident). At best, Plaintiff's factual allegations may state a claim of negligence, which is not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987).

6

As Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, it is subject to summary dismissal. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993)(affirming dismissal of Eighth Amendment claim about missing one meal as frivolous and indisputably meritless).

### Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

August 9, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

7

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).