IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David Lee Cradle, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:10-CV-01962-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Trinity Food Service; Mrs. Miley, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Entry # 8], filed on August 9, 2010, recommending that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

**DISCUSSION**

Plaintiff David Lee Cradle, Jr. ("Plaintiff") is a pro se federal prisoner pursuing this action under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that while eating breakfast on July 10, 2010, he found a bug in his shredded potatoes; that as a result Defendant Trinity Food Service ("Trinity Food Service") violated his civil rights; and that Mrs. Miley's failure to act constitutes a claim of deliberate indifference to Plaintiff's health or safety.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on the pending motions. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Scranch*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Plaintiff states "[t]he objection in this case is (Trinity Food Service) [sic] are [sic] continuing to serve Federal Detainees within the County Jail like animals." [Entry # 10, at 1]. Despite this objection, Plaintiff has nevertheless failed to establish that Defendant Trinity Food Service, as a private company, is amenable to suit under § 1983.

As for the allegation of deliberate indifference, Plaintiff objects by stating that even though Mrs. Miley is "only a supervisor employed by Trinity Foods . . . she is aware of the uncleanliness of the privately owned company she's employed by." *Id.* Plaintiff also quotes a fellow inmate, Mr. Maurice Branan, who states "[Mrs. Miley] knew the bugs were in the potatoes but her job was to make sure each inmate got served on time." *Id.* Although Plaintiff alleges, in his objection, that

Mrs. Miley knew of the unclean conditions in which she worked and that there was a bug in the potatoes, his allegations do not establish that Mrs. Miley's failure to act were "wanton[] and obdurate[] . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). And as the Magistrate Judge noted, Plaintiff did not allege in his complaint nor in his objections that he suffered any physical injury as a result of discovering a bug in his breakfast [Entry # 8, at 5, n. 4].

Furthermore, while Plaintiff does allege that a similar incident occurred three months prior to the incident which serves as the basis of the instant complaint, he does not specify the individuals involved in that prior incident. Therefore, Plaintiff's allegations of deliberate indifference should be dismissed based on the Magistrate Judge's recommendation that deliberate indifference is not established by "pointing to a single incident or isolated incidents . . . ." *Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994) (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)).

In his objections, Plaintiff also states allegations against Sheriff James R. Metts of Lexington County, South Carolina. However, Sheriff Metts is not a party in this case, and there has been no motion to add Sheriff Metts as a Defendant. Therefore, Plaintiff cannot seek relief against Sheriff Metts in this action.

It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation be adopted and David Lee Cradle, Jr.'s complaint be dismissed with prejudice.

**IT IS SO ORDERED.**

                                                                            <u>s/ J. Michelle Childs</u>
                                                                            United States District Judge

October 21, 2010
Greenville, South Carolina